UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLE HARPER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No 3:24-cv-449-ART-CSD<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

　　Plaintiff Carole Harper sued Defendant United States of America in federal court, alleging negligence after suffering injuries from tripping over an exposed piece of rebar at Naval Air Station Fallon. (ECF No. 1.) Before the Court is an unopposed Motion for Leave to File a Petition for Removal filed by Petitioner Defense Base Services, Inc. ("Petitioner") (ECF No. 17). For the reasons stated, the Court directs Petitioner to provide supplemental briefing.

　　Plaintiff filed this action on October 2, 2024. (ECF No. 1.) It appears that on or about September 23, 2024, Plaintiff initiated a parallel state court proceeding against Petitioner based on the same facts. (ECF No. 17.) Petitioner subsequently moved for leave to file a petition for removal of the state court proceeding, notwithstanding that it had missed the statutory time limit, in order that the parties might eventually join their claims. *Id.* In its motion, Petitioner asked that the time limit be excused because it had not retained counsel until 30 days from the service of the Summons and Complaint, and because all parties were in favor. *Id.* Plaintiff stipulated to removal (ECF No. 17-1; ECF No. 18), while Defendant indicated its non-opposition. (ECF No. 19.)

　　Petitions for removal are subject to mandatory time limits. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). A defendant ordinarily must file the notice of removal within 30 days after it receives the initial pleading

1

or the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not state a case that appears removable, the defendant may file a notice of removal within 30 days after it receives the first document that makes the possibility of removal "unequivocally clear and certain." 28 U.S.C. § 1446(b)(3); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). It is unclear from the state court records provided by Petitioner which rule applies: in other words, Petitioner has not established whether the initial pleading stated a removable case, or the date it received the first document establishing that the case was removable. As a consequence, it is also unclear when the deadline for Petitioner to file a notice of removal would have fallen.District courts within the Ninth Circuit have opined that the time limitation on removals cannot be extended by stipulation. *DeMichele v. Loewen, Inc.*, No. C 12-00628 CRB, 2012 WL 1980828, at *3 (N.D. Cal. June 1, 2012); *Rosenfield v. GlobalTranz Enters., Inc.*, No. CV-11-02327-PHX-NVW, 2013 WL 11311244, at *2 (D. Ariz. Feb. 8, 2013); 14C Wright and Miller's Federal Practice and Procedure § 3731 (Rev. 4th ed. 2025). While courts may disregard the untimeliness of a filing in cases of waiver of objection on appeal or estoppel, caselaw does not appear to establish a general good cause exception nor an exception for delays in obtaining counsel. *Fristoe*, 615 F.2d at 1212. *See DeMichele*, 2012 WL 1980828, at *3.

While Petitioner and Plaintiff have stipulated to removal, Petitioner has not provided the necessary information to enable this Court to calculate the deadline to timely file for removal, nor provided authority that shows that the Court has the authority to grant an untimely petition under the relevant circumstances.

THEREFORE IT IS ORDERED that Petitioner shall have until September 23, 2025, to file supplemental briefing on the issues described herein.

Dated this 5th day of September, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE