**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAROLE HARPER, | Case No.: 3:24-cv-00449-ART-CLB |
| Plaintiff, | **ORDER GRANTING** |
| v. | **STIPULATION TO EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF MOTION TO INTERVENE (ECF NO. 33)** |
| UNITED STATES OF AMERICA, | |
| Defendant. | **(FIRST REQUEST)** |

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and LR IA 6-1, Defense Base Services, LLC ("DBSL") and the United States of America ("United States") hereby stipulate and agree as follows:

1.      On January 6, 2026, DBSL filed its Motion to Intervene (ECF No. 33) ("Motion").

2.      Thereafter, DBSL and the United States entered into three separate stipulations to extend the deadline for the United States to file its opposition to the Motion. *See* ECF Nos. 34, 36, 38. The Court granted each request for an extension, ultimately extending the deadline for the United States to file its Opposition by seven weeks from January 20, 2026, to March 2, 2026. *See* ECF Nos. 35, 37, 39.

3.      On March 2, 2026, the United States filed its Opposition to the Motion to Intervene (ECF No. 40) ("Opposition").  DBSL's reply was therefore due 7 days later on March 9, 2026.

4.      DBSL is informed and believes that former counsel for DBSL did not receive notification of the Opposition via CF/ECF electronic service due to an administrative error that

4925-3485-8125.3

resulted in notification being sent to the incorrect email address. Upon learning that the Opposition had been filed, on March 18, 2026, DBSL's former counsel contacted counsel for the United States, Nicole Leibow, and requested an extension to file a reply brief. Ms. Leibow agreed to extend the deadline for DBSL to file a reply in support of the Motion.

5. On March 23, 2026, DBSL's client representative first learned that the United States filed its Opposition and that its reply deadline has passed. At that time, former counsel for DBSL had not yet filed a stipulation regarding the parties' agreement nor inform DBSL of the expired deadline. Rather, DBSL learned about the Opposition and the expired deadline through other counsel. Upon learning that the deadline had expired, and former counsel did not inform DBSL, DBSL promptly hired new counsel on March 26, 2026.

6. There is good cause to extend the deadline for DBSL to file a reply in support of the Motion, and the failure to file a reply brief by the deadline set forth in LR 7-2 is the result of excusable neglect. DBSL and the United States therefore request that the Court extend the deadline for DBSL to file its reply from March 9, 2026, to April 10, 2026.

7. First, there is good cause to extend a deadline where the deadline "cannot reasonably be met despite the exercise of diligence." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). DBSL was unable to meet the deadline to file a reply brief due to an administrative error that resulted in DBSL's former counsel failing to receive notification of the Opposition. DBSL itself was unaware that its former counsel did not receive notification of the Opposition until after the deadline for filing the reply had expired. The delay in filing a reply is not due to any lack of diligence by DBSL.

8. Second, a deadline may be extended after it has expired upon a showing of excusable neglect. *See* LR IA 6-1. This is an equitable determination "taking account of all relevant circumstances." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quotations and citation omitted). The Court may consider (a) the danger of prejudice to the other parties, (b) the length of delay and potential impact on judicial proceedings, (c) the reason for the delay, and (d) whether the requesting party acted in good faith. *Id.* (quotations and citation omitted). These considerations weigh in favor of granting this request for an extension:

4925-3485-8125.3

- 2 -

(a) There is no danger of prejudice to either Plaintiff or the United States if the deadline to file a reply is extended. Plaintiff has not opposed the Motion, and the United States consents to the extension.

(b) It is equitable to extend the deadline for DBSL to file a reply because the United States was afforded an additional five weeks to file its Opposition to the Motion and, that extensions were freely granted to the United States, shows that a short delay will not significantly impact these proceedings.

(c) The delay was the result of an administrative error that prevented DBSL's former counsel from receiving notification of the Opposition. DBSL's former counsel did not inform DBSL of this issue until after the deadline had expired.

(d) DBSL has acted in good faith. DBSL has taken quick action to seek relief from this Court through the present stipulation upon discovery of the expired deadline and the failure to meet the deadline was not the result of DBSL's conduct.

9. DBSL and the United States agree that the good cause and excusable neglect standards are satisfied. Plaintiff has not opposed the Motion.

10. DBSL and the United States jointly request that the deadline for DBSL to file a reply in support of the Motion be extended from March 9, 2026, to April 10, 2026. This additional time will afford DBSL the opportunity to evaluate the Opposition and for new counsel to familiarize itself with these proceedings.

///
///
///
///
///
///
///
///
///

4925-3485-8125.3

- 3 -

11.     This is the first request for an extension to file the reply. This request will not impact the existing case deadlines, and all other deadlines shall remain in place. This request is made in good faith.

DATED: March 26, 2026.

WOMBLE BOND DICKINSON (US), LLP

By: *Lucy C. Crow*
Lucy C. Crow, NV Bar No. 15203
Cathy A. Hinger (*Pro Hac Vice Forthcoming*)
One East Liberty Street, Suite 300
Reno, Nevada 89501
*Attorneys for Defense Base Services, LLC*

DATED: March 26, 2026.

SIGAL CHATTAH

First Assistant United States Attorney

BY:  *Nicole R. Leibow*
NICOLE R. LEIBOW
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
*Attorneys for the United States of America*

**IT IS SO ORDERED.**

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

DATED: March 27, 2026

4925-3485-8125.3

- 4 -