**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CAROLE HARPER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 3:24-CV-00449-ART-CLB

**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY, DEFENDANT'S MOTION TO STRIKE, AND PETITIONER'S MOTION FOR LEAVE TO FILE OPPOSITION**

[ECF Nos. 52, 58, 61]

Currently pending before the Court is Defendant United States of America's ("United States") motion to stay discovery pending resolution of their motion to dismiss, (ECF No. 52), non-party Defense Base Services' ("DBS") motion for leave to file an opposition, (ECF No. 58), and the United States' motion to strike DBS's motion for leave, (ECF No. 61). For the reasons discussed below, the United States' motion to stay discovery and DBS's motion for leave are denied, and the United States' motion to strike is denied as moot.

The Court will first address the United States' motion to stay discovery. To determine if a stay of discovery is appropriate pending a ruling on the motion to dismiss, the Court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether, after a "preliminary peek" at the merits of the underlying motion, the court is "convinced" that the potentially dispositive motion will be granted. *Flynn v. Nevada*, 345 F.R.D 338, 345 (D. Nev. 2024); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The "preliminary peek" does not prejudge the outcome of the underlying motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

Here, the Court is not convinced that the underlying motion to dismiss will be granted in light of Plaintiff Carole Harper's ("Harper") motion to amend her complaint,

(ECF No. 62), which, if granted, would render the United States' motion to dismiss moot. The United States' motion to dismiss argues they are entitled to sovereign immunity because DBS, an independent contractor, is the party responsible for Harper's injuries. (ECF No. 41.) Harper therefore seeks to amend her complaint to add DBS as a party so the issue may be properly litigated. (ECF No. 62.) The Court has reviewed Harper's motion, (ECF No. 62), and the United States' opposition, (ECF No. 70), and is fairly convinced that Harper will be granted leave to amend. Accordingly, the United States' motion to stay discovery, (ECF No. 52), is denied. *See Verify Smart Corp. v. Scammell*, 2025 WL 2347728, at *2 (D. Nev. July 24, 2025) (denying motion to stay discovery because the Court was "fairly convinced" plaintiff would be given leave to amend).

The Court will next address DBS's motion for leave to file an opposition, (ECF No. 58), and the United States' motion to strike DBS's motion, (ECF No. 61). As just discussed, the Court finds a stay of discovery is inappropriate in light of Harper moving to amend her complaint. Thus, the Court has no need to consider DBS's proposed opposition, and their motion for leave is denied. Given this, the United States' motion to strike DBS's proposed opposition is moot and the Court denies it on that basis.

For these reasons, **IT IS ORDERED** that the United States' motion to stay discovery, (ECF No. 52), and DBS's motion for leave to file an opposition, (ECF No. 58), are **DENIED**.

**IT IS FURTHER ORDERED** that the United States' motion to strike DBS's motion for leave, (ECF No. 61), is **DENIED AS MOOT**. To be clear, this order resolves only the portion of the motion seeking to strike DBS's motion for leave to file an opposition to the motion to stay discovery. The portion of the United States' motion seeking to strike DBS's motion for leave to file an opposition to the motion to dismiss, (*see* ECF No. 53), is pending before the District Judge and will be resolved at a later date.

**DATED**: May 21, 2026     .

_____
**UNITED STATES MAGISTRATE JUDGE**

2